UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TODD SPRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-009-P |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I.  Administrative History and Final Agency Decision

Plaintiff protectively filed his application for DIB on March 21, 2016. AR 15. Plaintiff alleged he became disabled on December 19, 2014. *Id.* The Social Security Administration denied Plaintiff's application on July 19, 2016, and on reconsideration on October 4, 2016. *Id.*

Plaintiff appeared with counsel and testified at an administrative hearing conducted before an Administrative Law Judge ("ALJ") on September 23, 2017. AR 95-125. On January 4, 2018, the ALJ issued an unfavorable decision. AR 149-58. On September 15, 2018, the Appeals Council remanded the matter back to the ALJ. AR 164-67.

Plaintiff appeared with counsel and testified at a second administrative hearing before the ALJ on March 11, 2020. AR 39-80. A medical expert ("ME") and a vocational expert ("VE") also testified. AR 47-52, 73-80, respectively. On May 7, 2020, the ALJ issued a second unfavorable decision. AR 12-30.

Following the agency's well-established sequential evaluation procedure, the ALJ found Plaintiff had not participated in substantial gainful activity since December 9, 2014, the alleged onset date, through September 30, 2015, the date of last insured. AR 18. At the second step, the ALJ found Plaintiff had the following severe impairments: obesity, diabetes, sleep apnea, hypertension, affective disorder, and anxiety disorder. *Id.* At the third step, the ALJ found these impairments were

not *per se* disabling as Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. *Id.*

At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with certain exceptions. AR 21. Specifically, the ALJ explained,

> [Plaintiff can] lift up to 20 pounds occasionally; lift and carry up to 10 pounds frequently; stand and walk for six hours, sit for six hours in an eight-hour workday with normal breaks; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasional[ly] balance, stoop, kneel, crouch; never crawl; never exposure to excessive vibration; never exposure to hazards such as hazardous moving machinery, raw chemicals or solutions, and unprotected heights; work must be limited to simple, routine, and repetitive tasks; occasional interaction with coworkers and supervisors, but only superficial and no direct interaction with the public; and free of production rate pace.

AR 21.

At step five, relying on the VE's testimony, the ALJ determined Plaintiff could not perform his past relevant work. AR 28. Continuing to rely on the VE's testimony, the ALJ also determined Plaintiff could perform jobs existing in significant numbers in the nation's economy including cafeteria attendant, laundry worker, and construction flagger. AR 29. As a result, the ALJ concluded Plaintiff was not under a disability, as defined by the Social Security Act, from December 9, 2014 through September 30, 2015. *Id.*

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II.  Issues Raised

On appeal, Plaintiff raises several challenges to the ALJ's findings during step five of the sequential evaluation process. Doc. No. 16 ("Op. Br.") at 4-12.

III.  General Legal Standards Guiding Judicial Review

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine

4

if the substantiality test has been met." *Id.* (quotations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV.  <u>VE Testimony</u>

Each of Plaintiff's contentions of error arise from step five of the ALJ's analysis. During the administrative hearing, the ALJ elicited testimony from the VE to determine if there were jobs Plaintiff could perform with the RFC outlined above. AR 76-77. The VE indicated Plaintiff could not perform any of his past work but identified three light exertional jobs that he could perform: (i) cafeteria attendant, Dictionary of Occupational Titles ("DOT") § 311.677-010, (ii) laundry worker, DOT § 589.685-038,[1] and (iii) construction flagger, DOT § 372.667.022. AR 76-78. The VE further testified that his testimony was consistent with the DOT. AR 79-80. As relevant to this appeal, the ALJ in his written decision adopted the VE's testimony that Plaintiff could perform the light jobs identified above. AR 29.

Under Social Security Ruling ("SSR") 00-4p,

> When vocational evidence provided by a VE . . . is not consistent with information in the DOT, the [ALJ] must resolve this conflict before

---

[1] The DOT identifies this job as "dry cleaner" specifically for "knitted garments." DOT § 589.685-038, 1991 WL 684490.

relying on the VE . . . evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict irrespective of how the conflict was identified.

SSR 00-4p, 2000 WL 1898704, at *4. In his decision, the ALJ specifically found that the VE's "testimony [wa]s consistent with the information contained in the [DOT]." AR 29. Plaintiff, however, asserts the ALJ erred in this finding.

Without explanation, Plaintiff repeatedly asserts that the VE "openly admitted" during the hearing that his testimony was inconsistent with the DOT. Op. Br. at 4-6. This is simply inaccurate. The VE specifically testified that his testimony did not conflict with the DOT.

> Your Honor, **I'm not inconsistent with the DOT, SCO, other publications**. But they simply don't address portions of the hypothetical to which I have responded. In particular limitations with any specificity to interaction or proximity for that matter with supervisors, public at any level. Hazards, unprotected heights, moving machinery, questions of pace and certainly, unscheduled breaks or absenteeism, or concentration levels, completion of days, weeks, or responding appropriately to work routine and work tasks. So, I am relying heavily upon my experience as a voc rehab counselor, which exceeds 35 years practice, which I've had the privilege of working with thousands of adult disabled workers as such performing thousands of labor market contacts and hundreds of actual onsite job analyses at which I critically analyze the functional demands of work, physically, cognitively, and effectively in order for workers to successfully reach and maintain competency in their jobs.

AR 79-80 (emphasis added). Thus, Plaintiff's argument in this regard has no merit.

*See also, cf., Cain-Wesa v. Astrue*, No. 11–C–1063, 2012 WL 2160443, at *19 n.20

(E.D. Wisc. June 3, 2012) (noting that "there is nothing wrong with the VE supplementing [the DOT] with her own knowledge of job requirements, so long as there is no unexplained contradiction with the DOT.").

Plaintiff also argues the VE testified regarding limitations not included in the RFC. Specifically, Plaintiff challenges the VE's testimony wherein he references "unscheduled breaks or absenteeism, or concentration levels, completion of days, weeks, or responding appropriately to work routine and work tasks." Op. Br. at 6 (citing AR 21, 79-80) (emphasis omitted). However, in reading the VE's testimony in context, although the referenced VE testimony was addressing limitations the ALJ did not ultimately include in the RFC, the ALJ and Plaintiff's counsel did include these limitations in other hypotheticals presented to the VE. AR 78-79. Thus, the VE did not "take[] over the hearing," as Plaintiff characterized it, but simply explained that his responses to the hypotheticals presented were based not only on the DOT but to the extent the DOT did not address the limitations proposed, on the VE's own experience. AR 78-80.

V. Jobs Plaintiff Can Perform

Plaintiff next argues the RFC conflicts with the DOT requirements for each of the identified jobs. Op. Br. at 7-12. Before an ALJ may rely on VE testimony as substantial evidence to support a determination of nondisability, she must investigate and elicit a reasonable explanation for any conflict between the DOT and the

testimony. *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); SSR 00–4p, 2000 WL 1898704, at *2. This does not mean that the DOT trumps VE testimony, but simply that the ALJ has a duty to elicit a reasonable explanation for conflicts between the two. *Haddock*, 196 F.3d at 1091. Here, however, that Court finds that there is not an apparent conflict between the VE testimony and the DOT.

1. Cafeteria Attendant

First, Plaintiff contends the cafeteria attendant job violates the ALJ's finding that he "have no interaction with the public." *Id.* at 7-9. Specifically, he relies on the cafeteria attendant description that an individual serving in such a position "[m]ay circulate among diners and serve coffee and be designated coffee server." Op. Br. at 8. Plaintiff also notes, "[T]he DOT classifies this job as People: 7 – Serving," though admits it rates the interaction in this position "as N – Not significant." *Id.* (quotations omitted).

Notably, in challenging his ability to perform this position, Plaintiff misstates the ALJ's RFC. Rather than merely stating that Plaintiff could have no interaction with the general public, the RFC provides that Plaintiff could have "only superficial and no direct interaction with the public." AR 21. After reviewing the DOT's detailed descriptions of the skills and work activities associated with the job of cafeteria attendant, as well as the VE's testimony, the Court finds this job does not

violate the ALJ's restriction that Plaintiff have only superficial contact with the general public.

### 2. Laundry Worker

Second, Plaintiff asserts that the RFC's requirement that he not be exposed to raw chemicals or solutions conflicts with the DOT's description and requirements for the laundry worker job. Op. Br. at 9-10. Plaintiff relies on the DOT's description indicating an individual in this position would use "soap solvent" and "cleaning fluid." *Id.* at 9. As an initial matter, the basis for the ALJ's limitation prohibiting exposure to hazardous raw chemicals and solutions is unclear. As Defendant notes, it appears from the record to arise from the ME's testimony that based on Plaintiff's obesity and back pain, he should not be around hazardous moving machinery and will not tolerate heavy industrial vibrations. AR 51-52. In that context, the use of soap solvent and cleaning fluid would not raise concerns. Nevertheless, the RFC does include the prohibition to raw chemicals or solutions and therefore must be considered.

Without citing any supporting authority, Plaintiff states that soap solvents and cleaning fluids "are the exact kinds of raw chemicals and solutions that the RFC contemplates he cannot come into contact with on a job." *Id.* at 9-10 (emphasis omitted). The DOT does not define any of the relevant terms at issue. However, the lack of definition does not indicate inherent conflict among them. The VE

specifically testified that Plaintiff could perform the job of laundry worker and as already discussed, the VE indicated that his testimony was consistent with the DOT. Plaintiff's unsupported speculation that the ALJ's limitation regarding hazardous raw chemicals and solution would preclude this job is insufficient to show error, particularly where Plaintiff's counsel questioned the VE regarding his opinion but failed to inquire regarding the hazardous materials limitation and alleged conflict between the said limitation imposed by the ALJ and VE's testimony that Plaintiff could perform this job. AR 78-80.

    Moreover, Defendant argues:

> Nowhere is it suggested that laundry workers require hazardous materials suits, respirators, or other such protections from truly hazardous materials to do laundry. And [] this is why vocational expert testimony is helpful to such decisions, as the expert is particularly aware of what is meant by hazardous materials and has professional expertise as to what occupations can be performed with the stated limitations. An uninformed and untrained disagreement with the expert's conclusion neither constitutes evidence in the record, nor serves to diminish the expert's testimony as substantial evidence, which the ALJ can rely upon.

Doc. No. 20 at 10. The Court agrees.

    In *Rogers v. Astrue*, 312 F. App'x 138 (10th Cir. 2009), the VE testified that based on his experience the job of hand packager could be performed at a sedentary level even though the DOT indicated that it normally required medium exertion. *Id.* at 142. The Tenth Circuit ruled that this type of explanation satisfies *Haddock, supra*. *Id.* Moreover, *Rogers* relied on *Gay v. Sullivan*, 986 F.2d 1336, 1340 (10th Cir. 1993)

for the proposition that ALJs can rely on VE testimony to go beyond the DOT and other publications. *Rogers*, 312 F. App'x at 142 (citing *Gay*, 986 F.2d at 1340 (holding that a VE is not limited to the sources named 20 C.F.R. § 404.1566(d), but can reach beyond matters already established through administrative or judicial notice)).

During the administrative hearing in the present case, the VE testified that he based his opinion on the DOT and where the DOT does not address the specific limitations at issue, on his own knowledge and expertise derived from his experience as a vocational rehabilitation counselor. AR 79-80. He specifically noted that his testimony regarding limitations related to hazards was based upon his experience and expertise. *Id.* The ALJ could properly rely on that testimony to find Plaintiff could perform the job of laundry worker. *See Rogers*, 312 F. App'x at 142 ("The whole point of vocational testimony is to go beyond facts already established through publications eligible for judicial or administrative notice and provide an alternative avenue of proof." (citing, *inter alia*, SSR 00–4p, 2000 WL 1898704, at *2-3 (noting that information about job requirements not listed in the DOT may come from a VE's experience in job placement or career counseling)).

### 3. Construction Flagger

Finally, Plaintiff challenges the ALJ's finding that he could perform the job of construction flagger. Op. Br. at 10-12. In asserting this argument, Plaintiff relies

on an exceedingly constrained interpretation of the RFC, the job requirements, and the VE testimony. The RFC indicated Plaintiff should not be exposed to hazardous moving machinery. AR 21. Plaintiff interprets this as a prohibition against him being in the proximity of such machinery. Op. Br. at 10-11.

During the administrative hearing, the ALJ provided a hypothetical to the VE including "[n]ever exposure to excessive vibration and never exposure to hazards, such as hazardous moving machinery, unprotected heights . . . ." AR 77. The VE testified that with said limitation, Plaintiff could perform the job of construction flagger. *Id*. The following exchange then occurred:

> Q. Thank you. On this construction flagger, that doesn't involve our moving machinery limitations, does it?
>
> A. Not that I've ever evaluated. They are in proximity of moving vehicles. But not moving equipment or mechanicals.

AR 78.

Thus, the ALJ specifically confirmed during the administrative hearing that Plaintiff could perform this job with the limitation at issue and the VE responded in the affirmative, with an explanation addressing the same concern Plaintiff raises herein. Accordingly, Plaintiff's argument in this regard is without merit.

## VI. Conclusion

Based on the foregoing analysis, the decision of Defendant is affirmed. Judgment will issue accordingly.

ENTERED this ___3rd___ day of <u>November</u>, 2021.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE